UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DORIS HOLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-857-NE |
| ) | |
| MADISON CITY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**ENTERED**
**JUN - 9 2003**

### MEMORANDUM OPINION REGARDING PLAINTIFF'S PUTATIVE CLASS CLAIMS UNDER THE FAIR LABOR STANDARDS ACT OF 1938

Class action lawsuits generally are conducted in accordance with the requirements of Federal Rule of Civil Procedure 23. In contrast, class actions under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, proceed according to the standards specified in the following section:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.* . . .

29 U.S.C. § 216(b) (emphasis supplied).[1]

---

[1] The emphasized sentence was added to § 216(b) by Section 5 of the Portal-to-Portal Act of 1947, Pub.L. No. 80-49, ch. 52, § 5(a), 61 Stat. 84, 87 (1947). *See United States v. Cook*, 795 F.2d 987, 990 (Federal Cir. 1986); *Dolan v. Project Construction Corp.*, 725 F.2d 1263, 1266-67 (10th Cir. 1984) (discussing the legislative history of the Portal-to-Portal Act, and observing that "[t]he opt-in language of § 216(b) was a direct result of . . . clear congressional dissatisfaction with the original class action provisions of the FLSA. In fact, the relevant language of § 216(b) was

Thus, persons who desire to join in an FLSA action as plaintiffs must affirmatively "opt in." That requirement is not congruous with the procedures of the Federal Rules of Civil Procedure; once a class is certified according to Rule 23, all class members are bound by the court's decision unless they affirmatively "opt out." Because of this fundamental difference, courts have found the requirements of Rule 23 and 29 U.S.C. § 216(b) to be "irreconcilable." *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *see also Garner v. G.D. Searle Pharmaceuticals & Company*, 802 F. Supp. 418, 421 (M.D. Ala. 1991).

Unlike Rule 23, the FLSA provides little guidance as to how such collective actions should be conducted. Section 216(b) neither requires parties to obtain judicial oversight before seeking to locate "similarly situated" individuals, nor forbids them from seeking such judicial involvement. Nevertheless, it is well settled that district courts possess the inherent power to facilitate such notice to potential plaintiffs. *See, e.g., Hoffmann-La Roche Inc., v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 486, 107 L. Ed. 2d 480 (1989). Furthermore, once a FLSA action is filed, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71, 110 S. Ct. at 486. Moreover, "[t]he interest of courts in managing collective actions in an orderly fashion is reinforced by Rule 16(b), requiring entry of a scheduling order limiting time for various pretrial steps . . . ." *Id.* at 173, 110 S. Ct. at 487.

The Eleventh Circuit addressed the proper class certification procedure for FLSA collective actions in *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991), saying:

> [T]he district court is deemed to have the power to give such notice to other potential members of the plaintiff class to "opt-in" if they so desire and by the district court's exercise of that power under appropriate conditions. Before determining to exercise

---

entitled 'Representative Actions Banned' in the Portal-to-Portal Act.").

such power on application by Dybach upon remand of this case, the district court should satisfy itself that there are other employees of the department-employer who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and with regard to their pay provisions. *If the district concludes that there are such other employees, we leave it to the district court to establish the specific procedures to be followed with respect to such possible "opting-in."*

*Id.* at 1567-68 (emphasis supplied). The Eleventh Circuit subsequently held in *Grayson v. K-Mart Corporation,* 79 F.3d 1086 (11th Cir. 1996), that a requirement for plaintiffs to demonstrate that other persons are "similarly situated" is not burdensome. "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id.* at 1096 (internal quotation marks and citations omitted).

District courts within the Eleventh Circuit accordingly have utilized a two stage process to "certify" § 216(b) collective ("class") actions. *See, e.g., Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 361 (M.D. Ala. 1999); *Brooks v. BellSouth Telecommunications, Inc.,* 164 F.R.D. 561, 565 (N.D. Ala. 1995); *Garner v. G.D. Searle Pharmaceuticals & Company,* 802 F. Supp. 418, 422 (M.D. Ala. 1991). During the initial, "notice stage" of proceedings, the court examines the pleadings, affidavits (if any), and makes a preliminary determination as to whether other individuals are "similarly situated" to the person or persons who commenced the action. Then, the court conditionally certifies that the action may proceed as a collective, class action, and putative class members are given notice and an opportunity to "opt-in." At such time, the court clearly may permit discovery of the names and addresses of other potential plaintiffs. *See Hoffmann-LaRoche,* 493 U.S. at 170, 110 S. Ct. at 486. At least one court refused to permit such discovery, however, after determining that the named plaintiff failed to make an initial showing that other persons were "similarly situated." *Brooks,* 164 F.R.D. at 569. Another court allowed plaintiffs to seek from defendant information regarding prior civil, criminal, or regulatory actions involving overtime compensation. *Tucker v. Labor Leasing, Inc.,* 155 F.R.D. 687, 688 (M.D. Fla. 1994). The *Tucker*

court also allowed limited discovery of the names and addresses of current employees of the defendant who were not exempt under the FMLA, and the names and addresses of employees of the defendant who were due overtime compensation, but did not receive it. *Id.* at 689. At least one court has allowed discovery on the merits of the action following the preliminary determination. *See Kaas v. Pratt & Whitmen*, 1991 WL 158943 (S.D. Fla. 1991). The court may also set a cut-off date for receipt of written consent from individuals desiring to join in the action. *Hoffman-LaRoche*, 493 U.S. at 172, 110 S. Ct. at 487.

After the first phase, the defendant may move the court to "decertify" the class. The court then makes a factual determination as to whether the claimants are "similarly situated." *See, e.g., Brooks*, 164 F.R.D. at 566. If the court finds they are, the action proceeds to trial as a collective action. *Id.* If not, the court "decertifies" the "class," and the "opt in" plaintiffs are dismissed from the action without prejudice, or the case is severed into separate lawsuits. *Id.*

A scheduling order regarding plaintiffs' putative class claims under FLSA will be entered simultaneously herewith.

DONE this 9th day of June, 2003.

United States District Judge